FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 18  AM 7: 38

LORETTA G. WHYTE
CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JON A. GEGEHEIMER, CLERK OF COURT, PARISH OF JEFFERSON | CIVIL ACTION NO. 06-2857 |
| VERSUS | |
| FARA BENEFIT SERVICES, INC. | SECTION M |

### ORDER

Before the Court is Plaintiff's Motion to Remand which is opposed and which came for hearing on August 16, 2006, on the briefs. After consideration of the Motions, the briefs, and the applicable law, the Court GRANTS the Motion.

The question before the Court is whether or not the Employee Pension Plan established by the Louisiana Clerks of Court, is exempt from Title I of ERISA pursuant to 29 U.S.C. §1003(b), as a governmental plan. If it is exempt, the matter must be remanded to state court. See 28 U.S.C. §1447.

**FACTS:**

The Louisiana Clerks of Court Association (Association) was formed in 1963 to support the offices of Clerks of Court throughout the State and to administer retirement and health benefits for participating Clerks and their employees. (Art. II of Charter). Membership in the Association is voluntary and open to all Clerks of Court for the State

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

of Louisiana, including the Clerk of the Supreme Court, and the Clerks of the Courts of Appeal (Clerks), as regular members, and their employees as associate members. Any regular Clerk in good standing may become an honorary member upon expiration of his term in office. Although voluntary, the Clerks of Court of all 64 Louisiana parishes are currently members. The Clerks pay Association dues from their budgets, and the Association employs a small staff to perform administrative functions necessary to serve the Clerks and their employees.

The Association provides a group health plan for participating Clerks and their employees through the Louisiana Clerks of Court Insurance Trust, established in 1998 for the purpose of benefitting the Clerks and their employees. The plan initially provided health coverage via insurance contracts with third party insurers. On April 25, 2002, the plan became self insured and the trust contracted with Defendant FARA Benefits Services, Inc. (FARA) for its services as a third party administrator.

Plaintiff Jefferson Parish Clerk of Court (JPPCC) was a participant in the plan and paid health insurance premiums directly to the trust for coverage of its public employees, retirees and their dependents under the plan from July 1, 2004 - June 30, 2005. By letter of May 25, 2005, JPCC withdrew from participation in the Louisiana Clerks of Court Insurance Trust, the termination to be made effective June 30, 2005.

After that time, a dispute arose regarding claims made by JPCC's employees prior to July 1, 2005, and JPCC filed suit in the 24th Judicial District Court, seeking to recover the amounts paid by JPCC for claims that were not paid by FARA.

FARA removed the matter to this Court, alleging that JPCC's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29U.S.C. §1001 et. seq.

JPCC alleges that because its claims arise from the operation and maintenance of a governmental employee welfare benefit plan, it is exempt from coverage under Title I of ERISA. JPCC asserts that there is no federal subject matter jurisdiction and therefore, the matter should be remanded to the state court.

FARA argues that the Association which provided the group health benefits is a non-profit corporation comprised of voluntary members from the Louisiana Clerks of Court offices, the Association does not perform governmental functions, but, rather, should be characterized as a service organization. As such, the plan is not a governmental plan as defined and exempted from ERISA , but is subject to ERISA's regulation, and therefore, this Court has jurisdiction over the matter.

**ANALYSIS:**

The party invoking federal subject matter jurisdiction bears the burden of establishing that jurisdiction. Marathon Oil Company v. Ruhrgas 145 F. 3d 211, 216 (5th Cir. 1998).

A governmental plan for purposes of Title I of ERISA is statutorily defined as a plan established <u>or</u> maintained for its employees by the government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. See 29 U.S.C. §1003(b)(1); Hightower v.

3

<u>Hosp. Ass'n,</u> 65 F. 3d 443, 450 (5th Cir. 1995), reh. den. 73 F.3d 43(5th Cir. 1996).

The Clerks organized, govern and fund the Association, which supports their official governmental functions. They contributed to its health plan and directed its administration. Nine Louisiana revised statutes recognize the Association by name and mandate its activities. The Association is an instrumentality of a state or political subdivision, maintained by government employers and employees.

As such, the Association's benefit plan constitutes a government plan and is therefore exempt from ERISA.

**ACCORDINGLY**, this Court lacks subject matter jurisdiction over the case and Plaintiff's Motion for Remand is **GRANTED.**

New Orleans, Louisiana, this 16th day of August, 2006.

Peter Beer
United States District Judge